**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-51287
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER SOSA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-537-ALL

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Sosa-Garcia (Sosa) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. The district court sentenced Sosa to 57 months of imprisonment and three years of supervised release, a sentence at the low end of the guidelines sentence range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sosa argues that the sentence is not entitled to a presumption of reasonableness because the guideline provision on which it was based, U.S.S.G. § 2L1.2, is not empirically based. Sosa contends that the sentence was substantively unreasonable because he was sentenced in a district without a fast track program, resulting in an unwarranted sentencing disparity between his sentence and sentences in districts with a fast track program. Sosa maintains that the sentence was unreasonable because both his offense level and criminal history category were raised due to his prior convictions, because he had a fourth-grade education and needed work, and because he had a United States-born child with whom he wished to reconnect.

While Sosa sought a downward variance in the district court, he did not object to the sentence as unreasonable. Thus, his challenge to the reasonableness of the sentence may be subject to plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). We need not determine, however, whether plain error review is appropriate in this case because Sosa is not entitled to relief even assuming that he preserved the reasonableness issue for review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

As Sosa acknowledges, his argument that the sentence is not entitled to a presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). As Sosa concedes, his argument that the sentence was unreasonable because he was sentenced in a district without a fast track program is also foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 562-63 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). The district court considered and rejected Sosa's arguments for a below-guidelines sentence. It determined that a sentence at the low end of the guidelines range was appropriate. As Sosa was sentenced within the guidelines sentence range, the sentence is entitled to a

presumption of reasonableness, and Sosa has not shown sufficient reason for us to disturb the sentence. *See id.* at 565-66.

AFFIRMED.